**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>Kenneth Lagonia,<br><br>               Defendant. | Criminal Action No.: 09-65 (JLL)<br><br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Kenneth Lagonia's motion for compassionate release. The Court has considered the submissions and arguments made by Defendant and the United States ( the "Government") during oral argument on February 7, 2012 in support of and in opposition to the instant motion. Based on the reasons that follow, Defendant's motion is DENIED.

### BACKGROUND

The underlying facts will not be repeated here in detail except where necessary to provide context for the motion, as the Court writes only for the parties. Defendant is currently incarcerated at Federal Medical Center (FMC) Butner in North Carolina. This Court sentenced Mr. Lagonia to 32 months prison, which began on October 20, 2010. The sentenced was

imposed after careful consideration of all of the attending circumstances, namely Mr. Lagonia's health and representations by the Assistant United States Attorney that the Bureau of Prisons could provide the necessary and appropriate medical care for Mr. Lagonia.

Significantly, Mr. Lagonia suffered from significant and similar health problems before he surrendered. (CM/ECF No. 10). As a result, Mr. Lagonia participated in a clinical trial in 2009 which involved the placement of an implant in his carotid artery. (CM/ECF No. 10, 2). Once under the care of the Bureau of Prisons (hereafter "BOP"), Mr. Lagonia was classified as a Medical Care Level IV due to his history of uncontrollable blood pressure and reported attacks of minor strokes. (Def. Mot, Ex. E, May 20, 2011 Letter from Warden Tracy Johns to Mr. Craven, CM/ECF No. 31-3, 31). Mr. Lagonia continues to suffer from extremely high blood pressure, uncontrolled hypertension and strokes. (Tr. 14:2-8). In addition, Defense counsel states that at times the prison facility does not have medications which Mr. Lagonia is prescribed. (Tr. 18:2-3).

Presently, Mr. Lagonia is scheduled to be released to home confinement on November 9, 2012 (Tr. 19:14-16). Defendant filed the instant motion seeking compassionate release from his sentence, on January 3, 2012.

## RELEVANT LAW

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); In re Morris, 345 Fed.Appx 796, 798 (3d Cir. 2009).. However, 18 U.S.C. § 3582(c) contains specific enumerated exceptions.

Defendant makes the instant motion pursuant to18 U.S.C. § 3582(c)(1)(A)(i), which

2

provides as follows:

> (A) the court, *upon the motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that are applicable, if it finds that–
> (i) extraordinary and compelling reasons warrant such a reduction.[1]

(emphasis added). The plain meaning of the statute requires the Director of the BOP to make

such motion. Wright v. Terrell, Civ No. 10-3492, 2011 WL 5117851 * at 3 (D.N.J. Oct. 26,

2011) ("However, it is well settled law that a district court cannot grant a prisoner's request for

modification of his sentence under [18 U.S.C. § 3582(c)(1)(A)(I)] if the Director of the BOP

does not move for a reduction of sentence"); Morales v. U.S., 353 F.Supp.2d 204, 205 ("As

clearly set forth in the statute, however, the Court may not award such relief unless the Director

of the BOP moves for a reduction in the inmate's sentence.")


## DISCUSSION

As an initial matter, in addition to arguing that the relevant statute proscribes the type of

motion made by Defendant, the Government argues in its Opposition that Defendant has not

exhausted his administrative remedies nor pursued any civil relief. (Gov. Opp'n, 4; Tr. 24:18-

25:4, 25:22-26:3). Defense counsel approximates that he has sent over one hundred letters to the

warden of FMC Butner, but states that he has never received a letter or other response indicating

---

[1] 18 U.S.C. § 3582(c) contains two other exceptions whereby a court may modify a sentence which was already imposed: (1) when Federal Rule of Criminal Procedure 35 permits such modification; and (2) where the applicable sentencing range under which a defendant was sentenced was subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c); In re Morris, 345 Fed.Appx. 796, 797-798 (3d Cir. 2009). However, neither exception applies to the matter under consideration.

that his request has been denied.  (Tr. 12:6-14).[2]  However, there is no indication that he properly

followed the procedures set forth in 28 CFR § 542.15.[3]  Regardless, Defendant argues that he

does not need to exhaust his remedies because doing so would be futile.  (Tr. 9:7-11).  In any

event, the Court finds that it lacks the authority to grant Defendant's motion under the

circumstances and thus it need not reach the exhaustion of remedies issue.

Next, this motion was clearly brought by Defendant, not the Director of the Bureau of

Prisons as the relevant statute requires.  Defendant argues that his health issues cannot be

addressed in prison and that he was sentenced based on incorrect information about the ability of

the BOP properly care for him.  (Tr. 5:16-19, 8:9-10).  This is not necessarily a result of the

medical standards at the BOP, but of Mr. Lagonia's unique medical condition.  (Tr. 18:18-25).  If

released, he argues, that he can participate in the clinical trial discussed above, get the battery

replaced in his carotid artery implant, and seek additional opinions from specialists.  (Tr. 14:11-

14, 18:22-25).

However, the Government submits that Mr. Lagonia refused to allow the BOP to attempt

to remove the non-functioning carotid artery device or have it turned off and also refused to

allow them to conduct a carotid ultrasound. (Gov. Opp'n. Exs. 3 and 4, Tr. 26:18-28:3).  Further,

Mr. Lagonia acknowledged in writing in that he understood that the risks or benefits  of these

choices were unknown with regard to his hypertension (Id. Ex. 3) and could "predispose him to

---

[2] To the extent that Defendant argues that the BOP is not following the amended compassionate release statute, 18 U.S.C. 3582(c)(1)(A)(I). ( Tr. 13), that argument would be more appropriately made in a proceeding to which the BOP was a party such that it could respond to any arguments advanced in this regard.

[3] The Court notes that Defense counsel sent a plethora of letters to this Court as well. Those letters informed the Court of Mr. Lagonia's situation but, as the Court informed counsel by letter (CM/ECF No. 30), informal letters are insufficient and that an appropriate formal motion is required.

4

complications from his medical conditions including stroke, coma and death" (Id. Ex. 4).

Defendant agrees that there is no statute that authorizes this Court to grant the relief he

seeks. (Tr. 23:19-24).  Rather, Defendant argues that the authority for this Court to reduce his

sentence rests with two cases, US v. Sims, No. CR-486-80 (S.D.Ga. June 28, 2011) and US v.

Meyers, No. 03-cr-120-02 (D.N.J. November 18, 2011).  (Tr. 10:18-24).

The Court finds the present case distinguishable from US v. Meyers for the following

reasons. First, and most significantly, there is no indication that the defendant there failed to

exhaust his administrative remedies or that the issue was raised.[4]  Second, the Government did

not oppose Defendant's request in that case.  Third, Mr. Meyers was suffering from stage four

lung cancer and was terminal.  (Tr. 23:13-16).  Here, however, Mr. Lagonia essentially claims

that he has a unique condition and he continues to suffer from health problems that he had before

undergoing BOP care and, as a result, he should be released in order to be able to consult with

specialists, get second opinions, and enroll in clinical trials because there is no well-known

treatment to deal with his condition. (Tr. 14:12-14, 16:15-17:9, 31:20-32:1).

In addition, the present case is distinguishable from US v. Sims because there the Court

explicitly stated that it verified the validity of the defendant's health claims.  Here, however, the

exact nature of the treatment provided and the alleged deficiencies are unclear to the Court at the

present time, in part because Mr. Lagonia has refused treatment in at least one instance and

submits that there is no well-known treatment.

---

[4] Rather, a copy of the letter submitted to Judge Hayden by counsel for Mr. Meyers explicitly states that Mr. Meyers submitted a request for Compassionate Release to Warden Revell at Butner, which was denied. (Def.'s Mot., Ex. H, November 16, 2011 Letter to Judge Hayden, CM/ECF No.31-3, 44).  Defendant Meyers then appealed the decision and the appeal was also denied.  (Id.).

## **CONCLUSION**

Therefore, the Court finds that under the circumstances it lacks the authority to grant the instant request.  Accordingly, Defendant's motion is DENIED.


An appropriate Order accompanies this Opinion.


Dated: February _17_, 2012

Jose L. Linares
United States District Judge

6